Erick Widman (SBN 32702)
Passage Immigration Law
535 N Brand Blvd, Suite 701
Glendale, CA, 91203
  Telephone: (503) 427-8243
  Fax:          (503) 662-1627
  Email: erick@passage.law
*Attorneys for Plaintiffs Jagdev Singh and Deyana M. Ingram*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| JAGDEV SINGH,<br>Alien No.: 219-243-839<br><br>and;<br><br>DEYANNA M. INGRAM, a U.S. Citizen<br><br>3825 Ramirez Ct.<br>San Jose, CA 95121<br><br>   Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security<br><br>Serve:  U.S. Department of Homeland Security<br>         2707 Martin Luther King Jr. Ave., SE<br>         Washington, DC 20528-0485<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship and Immigration Services<br>         Office of Chief Counsel<br>         5900 Capital Gateway Drive<br>         Mail Stop 2120<br>         Camp Springs, MD 20588-0009; | Case No.<br><br><br><br><br><br>**COMPLAINT FOR MANDAMUS RELIEF** |

UR M. JADDOU, Director of United States Citizenship and Immigration Services,

Serve:  U.S. Citizenship and Immigration Services
Office of Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009;

ROSE KENDRICK, Director of the National Benefits Center, United States Citizenship and Immigration Services,

Serve:  U.S. Citizenship and Immigration Services
Office of Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

ROBIN BARRET, Director of District 21, United States Citizenship and Immigration Services,

Serve:  U.S. Citizenship and Immigration Services
Office of Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

and;

JAMES WYROUGH, Director of the San Jose Field Office, United States Citizenship and Immigration Services,

Serve:  U.S. Citizenship and Immigration Services
Office of Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

   Defendants.

**COMPLAINT IN THE NATURE OF MANDAMUS
ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE
PLAINTIFF'S APPLICATION TO ADJUST STATUS**

Plaintiffs Jagdev Singh and Deyanna M. Ingram respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' petition for alien relative and application to adjust status (hereinafter, "Applications"), or alternatively that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delay petition for alien relative and application to adjust status.

**PARTIES**

1. Plaintiff Jagdev Singh (hereinafter, "Mr. Singh") is a citizen of India who resides in San Jose, California, is the beneficiary of a petition for alien relative filed by his United States citizen spouse and is an applicant for adjustment of status.

2. Plaintiff Deyanna M. Ingram (hereinafter, "Mrs. Ingram") is a U.S. citizen who resides in San Jose, California, is the spouse of Mr. Singh and is the petitioner in the petition for alien relative filed for her husband.

3. Defendant Alejandro Mayorkas (hereinafter, "Secretary Mayorkas"), the U.S. Secretary of the Department of Homeland Security (hereinafter, "DHS") is the highest ranking official within DHS.  The DHS is the agency of the United States that is responsible for the operation and management of U.S. Citizenship and Immigration Services.  Secretary Mayorkas is responsible for the implementation of the Immigration and Nationality Act (hereinafter, "INA"), including the adjustment of status provisions of the law, and for ensuring compliance with applicable federal laws, including the Administrative Procedures Act (hereinafter, "APA"). Secretary Mayorkas, and his successor in office, is sued in his official capacity as an agent of the

government of the United States.

4. Defendant United States Citizenship and Immigration Services (hereinafter, "USCIS") is a component of the DHS that is responsible for processing petitions for immigration benefits, including petitions for alien relative and applications for adjustment of status.

5. Defendant Ur M. Jaddou (hereinafter, "Director Jaddou") is the Director of USCIS. She is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA. Director Jaddou, and her successor in office, is sued in her official capacity as an agent of the government of the United States.

6. Defendant Rose Kendrick (hereinafter, "Director Kendrick") is the Director of the National Benefits Center of USCIS and is responsible for adjudicating applications to adjust status. She, and her successor in office, is being sued in her official capacity as an agent of the government of the United States.

7. Defendant Robin Barret (hereinafter, "Director Barret") is the Director for District 21 of USCIS and is responsible for petitions for alien relatives and applications for adjustment filed in her District, including those of applicants residing in San Jose, California. She, and her successor in office, is being sued in her official capacity as an agent of the government of the United States.

8. Defendant James Wyrough (hereinafter, "Director Wyrough") is the Director of USCIS' San Jose Field Office (hereinafter, "SNJ"). He is responsible for petitions for alien relatives and applications for adjustment in her jurisdiction. Director Wyrough's jurisdiction includes Mr. Singh's residence. He, and his successor in office, is being sued in his official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

9. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq., in conjunction with the Mandamus Act, 28 USC § 1361.

10. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

11. This Honorable Court is competent to adjudicate this case because Defendants have not made any decision regarding Plaintiffs' petition for alien relative and adjustment application.

**DIVISIONAL ASSIGNMENT**

12. Plaintiffs' claims arise in the county of Santa Clara, in the city of San Jose. Therefore, assignment to the San Jose Division of this Court is proper under N.D. Local Rule 3-2(e).

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13. Plaintiff Mr. Singh is an Indian national.

14. Mr. Singh was lawfully admitted and inspected upon entry to the U.S. as a B-2 visa holder on March 12, 2019.  Ex. A.

15. Mr. Singh married Mrs. Ingram, a U.S. citizen, on June 13, 2019.

16. Mrs. Ingram filed a petition for alien relative on July 3, 2019 for Mr. Singh's benefit.  Ex. B.

17. Mr. Singh filed for adjustment of status and for employment authorization, on July 3, 2019. Ex. C.

18. Under federal immigration law, U.S. Citizenship and Immigration Services (hereinafter, "USCIS") is authorized to approve petitions for alien relative and applications for adjustment of status filed based on marriage to a U.S. citizen. INA § 245(a).

19. Plaintiffs paid, and Defendants accepted, all applicable filing and visa fees. Exs. B, C.

20. USCIS assigned Receipt Numbers MSC1991294654 and MSC1991294653 to Plaintiffs' I-130 and I-485, respectively. *Id.*

21. USCIS issued a request for evidence ("RFE") relating to the adjustment on October 16, 2019. Ex. D. Mr. Singh responded to the RFE on or about November 7, 2019. Ex. E.

22. On December 23, 2019, USCIS scheduled an adjustment interview for Mr. Singh in Memphis, Tennessee for January 28, 2020. Ex. F.

23. On for January 28, 2020, Mr. Singh and Mrs. Ingram attended the interview at the Memphis Field Office. The USCIS officer did not make a decision on their case at the interview, but informed Plaintiffs that a decision would be forthcoming in two to three weeks.

24. Mr. Singh has made repeated attempts to obtain a decision in this matter without involving this honorable Court. Plaintiff Singh has contacted USCIS seeking action on his case three times, in July and December of 2020 and April of 2021. Ex. G. USCIS responded to Plaintiff stating that his case is still being processed and undergoing background checks. *Id.* Furthermore, Plaintiff had sought the assistance of the offices of Congressman. *Id.* at 16-17; Ex. H. These efforts have led nowhere.

25. In June of 2021, agents for Defendants came to Plaintiffs apartment for a house

1  visit. On the next day, an agent for Defendants called Mr. Singh to inquire about his first marriage.

2      26.    Plaintiffs moved from Starkville, Mississippi to San Jose, California and notified
3  USCIS of this change on or about August 7, 2021.  Ex. I.

4      27.    USCIS issued a second interview notice on January 10, 2022.  USCIS set the
5  interview at the Memphis Field Office on February 15, 2022.  Ex. J.

6      28.    Mr. Singh contacted USCIS on January 14, 2022 to request a resetting of the
7  interview to the San Jose Field Office since he and Mrs. Ingram were now living in California.

8      29.    USCIS issued a notice canceling the interview on January 26, 2022.  Ex. K.

9      30.    On February 2, 2022, USCIS responded to Plaintiff Singh stating that it approved
10  the rescheduling of the interview based on his San Jose address, that the interview had been de-
11  scheduled and a new interview in San Jose would be forthcoming.  Ex. L.

12      31.    As of February 13, 2023, there has been no additional action in Plaintiffs' case.

13      32.    Plaintiffs brings this action to compel USCIS to finally adjudicate the pending
14  Application, as required by law.

## FIRST CLAIM FOR RELIEF
**(Agency Action Arbitrary and Not in Accordance with Law)**

18  For their first claim for relief against all Defendants, Plaintiffs allege and state as follows:

19      33.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs 1-32, as
20  though fully set out herein.

21      34.    The APA affords permits this Honorable Court to "decide all relevant questions of
22  law, interpret constitutional and statutory provisions, and determine the meaning or applicability
23  of the terms of an agency action." 5 U.S.C. § 706.

24      35.    The APA requires that "[w]ith due regard for the convenience and necessity of the

1 parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

36. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Section 706(1) creates a non-discretionary duty to compel agency action and is a sufficient basis for mandamus relief.

37. The Defendants have refused to approve Plaintiffs' Applications and to issue a decision on these Applications.

38. The DOS regularly works with the Department of Homeland Security (hereinafter, "DHS") when carrying out background and security investigations that are delayed by administrative processing.

39. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of applicants such as Mr. Singh due to security concerns.

40. On information and belief, Plaintiffs allege that the Defendants are intentionally delaying a response to the DOS in regard to Plaintiffs' applications pursuant to the CARRP program. Plaintiffs allege that this delay is due to Mr. Singh being from a southern Asia, a region with a significant Muslim population.

41. Upon information and belief, Plaintiffs allege that the USCIS and the DOS are and have been complicit in the delay in processing Plaintiffs' applications.

42. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and

adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

43. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding individuals, like Mr. Singh — who does not pose a security threat — as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

44. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2015, more than 41,800 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

45. Plaintiffs allege that the Applications have been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

46. The Defendants have refused to adjudicate Plaintiffs' Applications and to grant Mr. Singh permanent residence.

47. The combined delay and failure to act on Plaintiffs' Applications are attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and other applicable rules and regulations.

48.     There are no alternative, adequate or reasonable forms of relief available to Plaintiff.

49.     Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For their second claim for relief against all Defendants, Plaintiffs allege and state as follows:

50.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs 1-49, as though fully set out herein.

51.     The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

52.     The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

53.     The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Singh and Ingram request the following relief:

1.     That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3. That this Honorable Court enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiffs' Application;

4. That this Honorable Court order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing of Plaintiffs' Applications within sixty (60) days;

6. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly approve Plaintiffs' Applications;

7. That this Honorable Court take jurisdiction of this matter and adjudicate Plaintiffs' Applications pursuant to this Court's declaratory judgment authority;

8. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action that may be taken to accelerate processing of Plaintiffs' Applications;

9. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.

**Date:** February 13, 2023                                                                                      **Respectfully Submitted,**

*[signature]*

Erick Widman
Bar No# 32702

Passage Immigration Law
525 N Brand Blvd
Suite 701
Glendale, CA 91203
503-427-8243
erick@passage.law

**ATTORNEY FOR PLAINTIFFS**